# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### JACKSONVILLE DIVISION

THOMAS FELTON,

      Plaintiff,

vs.                                 CASE NO.  3:10-cv-947-J-99MMH-TEM

BLADE BUSTER, LLC, A FLORIDA
LIMITED LIABILITY COMPANY,
AND REGINALD RICHARDSON,
INDIVIDUALLY,

      Defendants.

_____

## REPORT AND RECOMMENDATION[1]

      This matter has been referred to the undersigned for issuance of a Report and Recommendation regarding whether the parties' settlement is a "fair and reasonable resolution of a *bona fide* dispute" over issues regarding the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA") (*see* Doc. #18, Order of Administrative Closure and Reference).  A telephonic hearing on this matter was held by the undersigned on June 9, 2011 (*see* Doc. #21, Clerk's Minutes).  The Court heard argument of counsel and accepted statements from Plaintiff, who did not testify under oath but clearly averred his agreement with the provisions of the settlement agreement.[2]  For the reasons stated herein, the

---

[1] Any party may file and serve specific, written objections hereto within FOURTEEN (14) DAYS after service of this Report and Recommendation.  Failure to do so shall bar the party from a *de novo* determination by a district judge of an issue covered herein and from attacking factual findings on appeal.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); and, Local Rule 6.02(a), United States District Court for the Middle District of Florida.

[2] The non-transcribed recording of the hearing is hereby incorporated by reference.  The parties may contact the Courtroom Deputy of the undersigned if a transcript of the hearing is desired.

undersigned will **RECOMMEND** that the District Court grant the parties' Joint Motion for Approval of Settlement (Doc. #19) as a fair and reasonable resolution of a *bona fide* FLSA dispute, and approve the parties' Settlement Agreement (Doc. #19-1) as submitted.

In *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-55 (11th Cir. 1982), the Eleventh Circuit explained that Congress made the FLSA's provisions mandatory and as such, they "are not subject to negotiation or bargaining between employers and employees" except in two narrow circumstances.  *Id.* at 1352 (citing *Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697, 65 S.Ct. 895, 902 (1945)).  The two circumstances are: (1) claims in which an employee accepts payment of unpaid wages supervised by the Secretary of Labor pursuant to 29 U.S.C. § 216(c); and, (2) when a court reviews and approves a settlement in a private action for back wages under 29 U.S.C. § 216(b).  *Id.* at 1352-53.  In the second situation, when the parties to an FLSA action reach a settlement, the proposed settlement agreement must be scrutinized by the court and the court must determine whether it is a "fair and reasonable resolution of a bona fide dispute" of the FLSA issues.  *Id.* at 1354-55.

Moreover, with respect to attorney's fees and costs, the Eleventh Circuit has explained the FLSA "contemplates that 'the wronged employee should receive his full wages plus the penalty without incurring any expenses for legal fees or costs.'" *Silva v. Miller*, 307 F. App'x. 349, 351 (11th Cir. 2009)[3] (quoting *Maddrix v. Dize*, 153 F.2d 274, 275-

---

[3]Unpublished opinions may be cited throughout this order as persuasive on a particular point.  The Court does not rely on unpublished opinions as precedent.  Citation to unpublished opinions on or after January 1, 2007 is expressly permitted under Rule 32.1, Fed. R. App. P.  Unpublished opinions may be cited as persuasive authority pursuant to the Eleventh Circuit Rules.  11th Cir. R. 36-2.

76 (4th Cir. 1946)).  When a settlement agreement includes an amount to be used to pay attorney's fees and costs, the "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement.  *Silva*, 307 F. App'x. at 351.  However, when the parties submit to the Court a proposed FLSA settlement that:

> (1) constitutes a compromise of the plaintiff's claims; (2) makes full and adequate disclosure of the terms of the settlement, including the factors and reasons considered in reaching same and justifying the compromise of the plaintiff's claims; and (3) represents that the plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then, unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel.  However, if the parties can only agree as to the amount to be paid to the plaintiff, the Court will continue the practice of determining a reasonable fee using the lodestar approach.

*Bonetti v. Embarq Mgmt. Co.*, 715 F.Supp.2d 1222, 1228 (M.D. Fla. 2009).

In the instant case, Plaintiff brought suit under the FLSA, alleging violations for failure to receive overtime compensation (Doc. #1 at 3-4).  In the complaint, Plaintiff alleged Defendant required Plaintiff to report to work and perform work activities one hour prior to actual start time of his shift.  *Id.* at 3.  However, in the Joint Motion for Approval of Settlement,  Plaintiff alleged the Defendant required Plaintiff to report to work thirty (30) minutes early (Doc. #19 at 3).  During the course of the hearing, this discrepancy was resolved upon acknowledgment of Plaintiff's counsel that the alleged unpaid amount of time should have been stated as thirty (30) minutes per day, rather than one hour per day.

Defendant vigorously asserts there was no unpaid work performed by Plaintiff.  Both sides admit there are missing payroll records.  Both Plaintiff and Defendant assert there are witnesses to support their positions.

According to Plaintiff's allegations he was damaged in the amount of $1,580.86 (Doc. #19 at 3).  Defendant denies these allegations, claiming the facts on which Plaintiff bases his complaint upon are untrue; however, in an effort to avoid the costs and uncertainty of litigation, the parties reached a settlement of the matter.  This disagreement creates a *bona fide* dispute of facts sufficient to permit a compromise between the parties. *See Lynn's Food Stores*, 679 F.2d at 1355.

Under the proposed settlement, Plaintiff will receive $500 for unpaid overtime compensation, $500 for liquidated damages, and Plaintiff's attorney will be paid $1,750 for fees and costs incurred on Plaintiff's behalf (Doc. #19 at 4).  The parties also unequivocally state the amount to be paid to Plaintiff's attorney was considered and negotiated separately without regard to the amount of Plaintiff's recovery.  *Id.*

Having reviewed the proposed settlement agreement, the Court finds that the proposed settlement is a fair and reasonable compromise of a *bona fide* dispute between parties represented by counsel.  *See Lynn's Food Stores, Inc.*, 679 F.2d at 1354-55.  The Court further finds that the agreed-upon fee and costs to be paid to Plaintiff's counsel was determined independently, did not affect the payment to Plaintiff, and otherwise appears to be reasonable.  *See Bonetti*, 715 F.Supp.2d at 1228.

Accordingly, based on the foregoing, it is hereby **RECOMMENDED:**

1.      The parties' proposed Settlement Agreement (Doc. #19-1) be found to be

a **FAIR AND REASONABLE RESOLUTION** of a *bona fide* FLSA dispute.

    2.      The Court **GRANT** the parties Joint Motion for Approval of Settlement and Incorporated Memorandum of Law (Doc. #19), and **APPROVE** the parties proposed Settlement Agreement (Doc.# 19-1).

    3.      The case be **DISMISSED** with prejudice.

    4.      The **CLERK** enter judgment and, thereafter, close this file.

    **DONE AND ORDERED** at Jacksonville, Florida this 17th day of June, 2011.

*Thomas E. Morris*

**THOMAS E. MORRIS**
United States Magistrate Judge

Copies to:

All counsel of record

The Honorable Marcia Morales Howard

5